UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STATE OF CALIFORNIA,
DEPARTMENT OF SOCIAL SERVICES

    and

ENEDINA ROSALES

NO. CIV. S-99-0355 FCD JFM

       Plaintiffs,

    v.                         MEMORANDUM AND ORDER

MIKE LEAVITT, SECRETARY OF
HEALTH AND HUMAN SERVICES

       Defendant.

----oo0oo----

    This matter is before the court on a motion to intervene filed by applicants Larry and Brenda Buggs, Mary Ellen Deegan, Gloria Jefferson, Sylvia McGinnis, Shawn Spencer, Debra Zaccaro, and Grandparents as Parents (collectively, "applicants"). Defendant Secretary of Health and Human Services ("Secretary") does not oppose applicants' intervention. Plaintiff Enedina

1

Rosales ("Rosales") joins the applicants' motion. Plaintiff State of California Department of Social Services ("DSS") opposes the motion. For the reason's set forth below,[1] applicants' motion to intervene is DENIED.

## BACKGROUND

DSS commenced this litigation on February 24, 1999, to compel the federal government to conform its interpretation of the Aid to Families with Dependent Children Foster Care ("AFDC-FC") statute to the interpretation in Land v. Anderson, 55 Cal. App. 4th (2d Dist. 1997). Under such an interpretation, California agencies would be entitled to matching federal funds when AFDC-FC payments were made. Rosales intervened in the action on her own behalf and as a representative of those foster care parents who had been denied benefits under the Secretary's interpretation of the AFDC-FC statute. The court dismissed the action concluding that the Secretary's interpretation of 42 U.S.C. § 672 was reasonable and that there was an insufficient showing that the Secretary acted in an arbitrary and capricious manner in denying approval of California's plan amendment. Cal. Dept't of Social Services v. Shalala, 115 F. Supp. 2d 1191 (E.D. Cal. 2000). The Ninth Circuit reversed, finding that the Secretary's interpretation of § 672 was unreasonable. Cal. Dep't of Social Services and Rosales v. Thompson, 321 F.3d 835 (9th Cir. 2003) ("CDSS/Rosales").

/////

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

2

1   Following the Ninth Circuits decision in CDSS/Rosales, the
2 court ordered: (1) defendant Secretary to approve California's
3 plan amendment; and (2) plaintiff DSS and defendant Secretary to
4 pay retroactive AFDC-FC benefits to Rosales and similarly
5 situated relative foster care families who were denied benefits
6 as a result of the Secretary's erroneous interpretation of § 672.
7 (Order, filed February 20, 2004).

8   Thereafter, DSS filed a motion to amend the court's Order to
9 extend the date by which DSS was required to issue an All County
10 Letter informing county welfare departments and other affected
11 agencies of the procedures and time line for implementing the
12 court's order.  Subsequently, Rosales filed a motion to compel
13 performance by the Secretary.  On August 17, 2004, the court
14 issued an Amended Order affirming the requirement that DSS and
15 the Secretary comply with CDSS/Rosales.  In particular, the court
16 ordered DSS to immediately make AFDC-FC payments to Rosales.
17 (Amended Order, filed August 17, 2004, at 7-8).  In addition, the
18 court ordered DSS to comply as follows:

> For all foster care cases in which dependency
> jurisdiction was open on or after March 3, 2003, DSS
> shall make AFDC-FC payments for the entire period,
> subsequent to December 23, 1997, in which the child was
> entitled to AFDC-FC payments under CDSS/Rosales and was
> otherwise eligible for such benefits and those benefits
> were not paid.  For purpose of retroactive payments,
> foster homes approved on or after March 2, 2003 shall
> be considered to have met the federal approval
> standards.
>
> ....
>
> DSS shall issue a directive to all County Welfare
> Departments and Chief Probation Officers and other
> appropriate parties ("All County Letter") to review all
> foster care cases open on or after March 3, 2003 to
> determine eligibility in accordance with CDSS/Rosales
> and consistent with this judgement.  Each such case

3

1
2
3
4
>shall be so reviewed during the next regular six-month review to which the case would be subjected in the normal course of business, but no later than eight months from the date of the issuance of this order. DSS shall pay all benefits which are found to be due as a result of those reviews within 30 days of the determination of eligibility.

(Amended Order at 6-7).

On April 20, 2005, Rosales requested DSS to provide information regarding compliance with the court's Amended Order. Specifically, Rosales requested the number of cases reviewed and the results of that review. (Letter to Paul Reynaga, dated April 20, 2005, Ex. A to Mot. to Intervene). Subsequent to the close of the review period on April 30, 2005, DSS responded to Rosales on May 11, 2005, stating that such information was not required by the court's Amended Order. (Letter to Marjorie Shelvy, dated May 12, 2005, Ex. B to Mot. to Intervene). Finally, on May 25, 2005, DSS responded to a request from Rosales for information regarding written instructions provided to the counties concerning Notices of Action in relation to the CDSS/Rosales reviews. (Letter to Marjorie Shelvy, dated May 25, 2005, Ex. C to Mot. to Intervene). In its response, DSS informed Rosales that no written instructions were given to the counties regarding Notices of Action in connection with CDSS/Rosales. (Id.) In addition, DSS concluded that Notices of Action were not required to be sent if no change in benefits occurred during the normal six-month review period. (Id.)

Applicants bring this motion for intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, or, in the alternative, for permissive intervention pursuant to

4

Rule 24(b).² In addition, applicants move to intervene pursuant to Rule 71.

**STANDARD**

**I.   Rule 24**

Rule 24 provides two grounds for intervention in federal court: intervention as of right and permissive intervention. Fed. R. Civ. P. 24 (West 2006).

Rule 24(a)(2) governs applications for intervention as of right and provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). In the absence of a statute conferring an unconditional right to intervene, the applicant must demonstrate that: (1) the application is timely; (2) the applicant has an interest in the subject matter of the litigation; (3) absent intervention, applicant's interest will be impaired; and (4) the existing parties inadequately represent the applicant's interests. League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). The rule is construed broadly in favor of the applicants. Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995).

Applicants also may seek permissive intervention under Rule 24(b), which provides:

---

² All further references to the Rules are to the Federal Rules of Civil Procedure, unless otherwise noted.

5

> Upon timely application, anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising it discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). A court may grant permissive intervention where the applicant demonstrates (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a common question of law or fact. Wilson, 131 F.3d at 1308 (quotations and citation omitted). Even if the applicant satisfies these requirements, the court has discretion to deny intervention based upon other considerations relevant to the individual circumstances of the case before it. See Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989).

In reviewing a motion to intervene, the court generally should accept as true the allegations and evidence submitted by the applicant. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 819-20 (9th Cir. 2001).

**II. Rule 71**

Rule 71 permits a non-party to enforce an order of the court in the same manner as a party if the order was made for the benefit of such a non-party. Fed. R. Civ. P. 71 (West 2006). As a preliminary matter, a court must first determine if the non-party is a person or entity "in whose favor" an order has been entered. Dunn v. N.Y. State Dep't of Labor, 594 F. Supp. 239, 242 (S.D.N.Y. 1984). If the "in whose favor" threshold is met, a non-party may invoke the jurisdiction of the federal court to "render such orders as may be necessary to effectuate and prevent

6

1  the frustration of orders it has previously issued." Id.
2  (quoting U.S v. N.Y. Telephone Co., 434 U.S. 159, 172 (1977)).

**ANALYSIS**

**I.  Intervention as of Right**

Applicants first assert that they should be permitted to intervene as of right pursuant to Rule 24(a). Timeliness is "the threshold requirement" for intervention as of right. United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990). If the court finds "that the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24." Wilson, 131 F.3d at 1302 (quoting United States v. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996)). In determining whether a motion is timely, the court considers: (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay. United States ex rel. McGough v. Covington Techs., 967 F.2d 1391, 1394 (9th Cir. 1992). "[A]ny substantial delay weighs heavily against intervention." Wilson, 131 F.3d at 1302 (citations omitted).

In this case, applicants contend that their motion to intervene as of right is timely. However, applicants seek to intervene and gain full-party status in a case where substantial time has passed since the court entered its final judgment. Applicants filed this motion more than seventeen months after the court issued its Amended Order, almost nine months after the completion of the court-ordered review period, and almost eight months after the cessation of informal efforts between the parties regarding compliance with the court-ordered review. This case is well past the final stages of the proceedings. The fact

7

1  that final judgment was entered in this litigation weighs heavily
2  against allowing intervention as of right pursuant to Rule 24(a).
3  See Wilson, 131 F.3d at 1303 (concluding that, although the case
4  was still in the pre-trial stages, the fact that the court had
5  "substantively--and substantially--engaged the issues" in the
6  case weighed heavily against intervention as of right).
7      In addition, applicants argue that no prejudice to the
8  existing parties will occur if this motion is granted.  (Mot. to
9  Intervene at 9).  However, applicants request that DSS "provide
10 full and complete discovery regarding compliance with and
11 communications regarding this court's judgment."  (Id. at 15).
12 Although applicants may be limiting their request for discovery
13 to issues surrounding compliance with the court's Amended Order,
14 as a general rule, intervenors are permitted to litigate fully
15 once admitted to suit.  Wilson, 131 F.3d at 1304 (citations
16 omitted).  Allowing applicants full-party status to re-open and
17 to potentially re-litigate issues previously resolved in this
18 case will inevitably cause prejudice to DSS insofar as such full-
19 party participation may resurrect litigation which was completed
20 over seventeen months ago.  Id.  Such an action counsels against
21 granting applicants' motion to intervene.
22     Finally, applicants contend that the timing of the motion to
23 intervene was driven by the timing of DSS' "recent failure" to
24 comply with the court ordered review.  (Mot. to Intervene at 9).
25 As noted above, this case was resolved more than seventeen months
26 ago and the court-ordered review period was completed almost nine
27 months ago. The "informal efforts" to resolve the compliance
28 issues, which involved correspondence between DSS and Rosales'

8

1  counsel, ceased in May 2005.  (Id. at Ex. A).  Applicants,
2  however, proffer no explanation as to why they waited almost
3  eight months after DSS' "recent failure" before filing this
4  motion.  Characterizing DSS' actions as "recent" will not save
5  applicants' argument.  Rather, applicants' eight-month delay
6  represents a "substantial lapse of time," which "weighs heavily
7  against intervention."  Wilson, 131 F.3d at 1304 (citations
8  omitted).  Applicants' delay, coupled with the fact that
9  litigation was completed nearly a year and a half ago,
10 "undermines [applicants] assertion of a right to full-party
11 status."  Id.

12     For the foregoing reasons, applicants fail to demonstrate
13 that their motion to intervene as of right is timely.  Because
14 timeliness is the threshold requirement of Rule 24(a), the court
15 need not reach any of the other elements.  Wilson, 131 F.3d at
16 1302.  Accordingly, applicants' motion to intervene pursuant to
17 Rule 24(a) is DENIED.

18 **II.  Permissive Intervention**

19     In the alternative, applicants seek permissive intervention
20 pursuant to Rule 24(b).  Permissive intervention may be granted
21 where the applicant demonstrates (1) independent grounds for
22 jurisdiction; (2) the motion is timely; and (3) a common question
23 of law or fact exists between the applicant's claim or defense
24 and the main action.  Wilson, 131 F.3d at 1308 (quotations and
25 citation omitted).  However, even if these requirements are
26 satisfied, the court has discretion to deny intervention,
27 considering such factors as whether the intervention would unduly
28 delay the action or unfairly prejudice existing parties.

9

Donnelly, 159 F.3d at 412. In addition, the court should consider whether the applicant's interest is adequately represented by the existing parties. Venegas, 867 F.2d at 530.

Like a motion for intervention as of right, "a finding of untimeliness defeats a motion for permissive intervention." Id. (quoting Washington, 86 F.3d at 1507). A court considers the same three factors to determine timeliness under Rule 24(b) as it does under Rule 24(a). Id. However, in the context of permissive intervention, a court analyzes the timeliness element more strictly than as with intervention as of right. Id. (citing United States v. Oregon, 745 F.2d 550, 552 (9th Cir. 1984)). Applicants' motion for permissive intervention is untimely for the same reasons as its motion for intervention as of right discussed above.

Further, applicants fail to demonstrate how Rosales does not adequately represent their interests.[3] Applicants admit that they "do not seek to introduce any new claims or issues — only to ensure complete and effective compliance with the existing rulings of this Court and the Ninth Circuit." (Mot. to Intervene at 13-14). The thrust of applicants' argument is that DSS failed to comply with the court's Amended Order in that it did not require the counties to send Notice of Action letters in connection with the court-ordered review. (Id. at 1-2). Each of the individual applicants contend that (1) a review of their eligibility for AFDC-FC benefits was required by CDSS/Rosales;

---

[3] The court's analysis regarding the adequacy of representation by existing parties would apply equally to applicants' motion to intervene as of right under Rule 24(a).

10

1  and (2) they have not received benefits or notice that the
2  required CDSS/Rosales review was completed.  (See id. at 4-7).
3  Although Rosales received past due benefits owed to her in
4  connection with this litigation, she was again appointed the
5  foster parent of her grandson in 2003, which she asserts entitled
6  her to additional AFDC-FC benefits.  (Id. at 7).  Rosales, like
7  the individual applicants, has not received any benefits since
8  2003, nor has she received any Notice of Action.  (Id.)  Rosales
9  joined this motion to intervene, indicating her willingness to
10 advance applicants' argument that DSS' is not in compliance with
11 the court's Amended Order.  This willingness undermines
12 applicants' contention of inadequate representation.
13 Accordingly, applicants' motion for permissive intervention
14 pursuant to Rule 24(b) is DENIED.
15 **III. Rule 71**
16     Applicants contend that Rule 71 provides an alternative
17 method for intervention because they are beneficiaries of the
18 court's Amended Order.  (Mot. to Intervene at 14).  Applicants
19 are correct that Rule 71 permits a non-party to enforce an order
20 of the court if that the order was made for the benefit of such a
21 non-party. Fed. R. Civ. P. 71.  Nevertheless, applicants must
22 "enforce obedience to the order by the same process as if a
23 party, for example, by a *motion to compel*."  Brennan v. Nassau
24 County, 352 F.3d 60, 65 (2d Cir. 2003) (citations omitted and
25 emphasis added).  In this case, applicants have not filed a
26 motion seeking the court to compel DSS' compliance with the
27 court's Amended Order.
28 /////

11

1  In connection with the filing of a substantive motion by a
2 non-party pursuant to Rule 71, the court must make an initial
3 determination regarding standing thereunder.  <u>Dunn</u>, 594 F.Supp.
4 at 242.  Provided that the individual applicants[4] were eligible
5 for AFDC-FC benefits under <u>CDSS/Rosales</u>, they are likely persons
6 "in whose favor" the court's Amended Order was issued.  <u>See</u> <u>Id.</u>
7 However, applicants proffered no evidence, in the form of
8 declarations or affidavits, to support the contention that they
9 are non-parties "in whose favor" the Amended Order was issued.
10 Therefore, the court cannot make a determination regarding the
11 applicants' standing under Rule 71.
12  If applicants wish to proceed pursuant to Rule 71,
13 applicants may do so by filing a motion to compel DSS' compliance
14 with the court's Amended Order.  Such a motion should be
15 accompanied by evidence which would permit the court to make the
16 threshold determination as to the applicants' standing under Rule
17 71.  Accordingly, applicants' motion to intervene pursuant to
18 Rule 71 is DENIED.
19 /////
20 /////
21 /////
22 /////
23 /////

---

[4]  The court does not make any findings regarding a determination as to the likely applicability of Rule 71 to applicant Grandparents as Parents, which is an organization that provides services to individuals who may be eligible for AFDC-FC benefits.  Like the individual applicants, Grandparents as Parents must meet the threshold requirement of showing that the court's Amended Order was entered for its benefit.

12

**CONCLUSION**

For the reasons stated above, applicants' motion to intervene as of right pursuant to Rule 24(a) is DENIED. In the alternative, applicants' motion for permissive intervention pursuant to Rule 24(b) is DENIED. In addition, applicants' motion to intervene pursuant to Rule 71 is DENIED.

IT IS SO ORDERED.

DATED: March 28, 2006.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, JR.
United States District Judge