DANA N. LEVITT (State Bar No. 077180)
McDERMOTT WILL & EMERY LLP
2049 Century Park East, 34th Floor
Los Angeles, CA 90067
Telephone: 310.277.4110
Facsimile: 310.277.4730

DAVID M. BECKWITH (State Bar No. 125130)
PETER J. GIMINO III (State Bar No. 198926)
McDERMOTT WILL & EMERY LLP
4370 La Jolla Village Drive, Suite 700
San Diego, CA 92122
Telephone: 858.643.1400
Facsimile: 858.597.1585

MARJORIE SHELVY (State Bar No. 159015)
YOLANDA ARIAS (State Bar No. 130025)
SILVIA ARGUETA (State Bar No. 144400)
LEGAL AID FOUNDATION OF LOS ANGELES
5228 E. Whittier Boulevard
Los Angeles, CA 90022
Telephone: 213.640.3930
Facsimile: 213.640.3911

Attorneys for Intervenor
ENEDINA ROSALES

Attorneys for Movants
LARRY and BRENDA BUGGS, MARY ELLEN
DEEGAN, GLORIA JEFFERSON, SHAWN
SPENCER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, DEPARTMENT OF SOCIAL SERVICES and ENEDINA ROSALES, <br><br>Plaintiffs, <br><br>v. <br><br>MIKE LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>Defendant. | CASE NO. CIV S-99-0355 FCD JFM <br><br>**INTERVENOR ENEDINA ROSALES' NOTICE OF MOTION AND CROSS-MOTION TO ENFORCE JUDGMENT** <br><br>DATE: June 16, 2006 <br>TIME: 10:00 a.m. <br>COURTROOM: 2 <br>JUDGE: Hon. Frank C. Damrell, Jr. |

ROSALES' NOTICE OF MOTION AND CROSS-
MOTION TO ENFORCE JUDGMENT

(No. CIV. S-99-0355 FCD JFM)

1  PLEASE TAKE NOTICE that Intervenor, Enedina Rosales, by and through her
2  undersigned counsel, will move this Court for an order enforcing the judgment in this action on
3  Friday, June 16, 2006, at 10:00 a.m. or as soon thereafter as counsel may be heard, before the
4  Honorable Frank C. Damrell, Jr., in Courtroom 2 of the United States Courthouse, 501 "I" Street,
5  Sacramento, California.

6  This motion is based upon the Memorandum of Points and Authorities in Support of
7  Intervenor Enedina Rosales' Cross-Motion to Enforce Judgment, Declaration of Enedina Rosales,
8  Declaration of Marjorie Shelvy, Declaration of David M. Beckwith, Request for Judicial Notice,
9  the pleadings, files and records herein, and such other further evidence and argument as may be
10 presented at the time of hearing on this Motion.

Dated: May 19, 2006

McDERMOTT WILL & EMERY LLP
DAVID M. BECKWITH


By: /s/   David M. Beckwith
Attorneys for Intervenor ENEDINA ROSALES

SDO 45074-1.009975.0115

ROSALES' NOTICE OF MOTION AND CROSS-
MOTION TO ENFORCE JUDGMENT

(No. CIV. S-99-0355 FCD JFM)

DANA N. LEVITT (State Bar No. 077180)
McDERMOTT WILL & EMERY LLP
2049 Century Park East, 34th Floor
Los Angeles, CA 90067
Telephone: 310.277.4110
Facsimile: 310.277.4730

DAVID M. BECKWITH (State Bar No. 125130)
PETER J. GIMINO III (State Bar No. 198926)
McDERMOTT WILL & EMERY LLP
4370 La Jolla Village Drive, Suite 700
San Diego, CA 92122
Telephone: 858.643.1400
Facsimile: 858.597.1585

MARJORIE SHELVY (State Bar No. 159015)
YOLANDA ARIAS (State Bar No. 130025)
SILVIA ARGUETA (State Bar No. 144400)
LEGAL AID FOUNDATION OF LOS ANGELES
5228 E. Whittier Boulevard
Los Angeles, CA 90022
Telephone: 213.640.3930
Facsimile: 213.640.3911

Attorneys for Intervenor
ENEDINA ROSALES

Attorneys for Movants
LARRY and BRENDA BUGGS, MARY ELLEN
DEEGAN, GLORIA JEFFERSON, SHAWN
SPENCER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, DEPARTMENT OF SOCIAL SERVICES<br><br>and<br><br>ENEDINA ROSALES,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | CASE NO. CIV S-99-0355 FCD JFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INTERVENOR ENEDINA ROSALES' CROSS-MOTION TO ENFORCE JUDGMENT**<br><br>Date: June 16, 2006<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Judge: Honorable Frank C. Damrell, Jr. |

# I.

# INTRODUCTION

The State of California Department of Social Services ("CDSS") continues to unlawfully deny aid to foster care families statutorily entitled to benefits, despite this Court's judgment compelling compliance with the Ninth Circuit's decision in *California Dept. of Social Services and Rosales v. Thompson*, 321 F.3d 835 (9th Cir. 2003). This Court's Judgment entered August 19, 2004, expressly requires CDSS to pay Aid to Families with Dependent Children Foster Care ("AFDC-FC") benefits to foster care families in accordance with the corrected interpretation of the federal statute described in the judgment. In the face of this Court's judgment, and the Ninth Circuit ruling, the CDSS continues to deny benefits to foster care families and has expressly informed the counties that they are to ignore this Court's judgment and the *Rosales* criteria for determining eligibility.

Ms. Rosales finds herself again acting as the foster parent for her grandson, Anthony, with a renewed right to obtain AFDC-FC benefits. Declaration of Enedina Rosales, ¶ 3 ("Rosales Decl.") filed concurrently herewith. Once again the CDSS and State of California are failing to apply the proper *Rosales* standards governing eligibility, and have failed to pay Ms. Rosales her AFDC-FC benefits. *Id.* at ¶ 4. The CDSS has also failed to provide any Notice of Action ("NOA") to Ms. Rosales reflecting the reason for the apparent denial of her claim, informing her of her appeal rights. *Id.*

That Ms. Rosales has received no benefits, and no contact from the CDSS regarding her right to benefits, is of no surprise to her counsel. The CDSS has expressly stated that it will <u>not</u> notify applicants for benefits that their claims have been reviewed under the *Rosales* standard. Declaration of Marjorie Shelvy ("Shelvy Decl."), Ex. F, filed concurrently herewith. When Ms. Rosales' counsel inquired about the lack of any NOA, the CDSS responded that despite the existence of regulations requiring the provision of notice to benefit applicants, the CDSS would not be providing an NOA to any *Rosales* benefit applicants. *Id.*

Ms. Rosales' counsel has represented more than a dozen benefit applicants in administrative appeals since this Court's judgment was entered, wherein the CDSS has continued

to apply the old, pre-*Rosales* legal standard. Shelvy Decl., ¶ 5. In some instances, the Administrative Law Judge has expressly chastised the CDSS because the case before it fell squarely within the *Rosales* decision. *Id.*

The CDSS's policy of ignoring this Court's judgment became the official instruction of the CDSS on March 30, 2006, when it sent an All County Information Notice(ACIN) specifically instructing counties to "cease basing new eligibility decisions for foster care upon the *Rosales* criteria." Shelvy Decl., ¶ Ex. G. By the express language of the ACIN, the CDSS took this action because it was concerned that the recently passed DRA would preclude the State of California from obtaining federal financial participation in its eligibility determinations. Notably, the CDSS conceded that it had not yet received any instructions from the DHHS on this issue. *Id.*

Clearly the State is not and has not enforced this Court's judgment.

## II.

## PROCEDURAL BACKGROUND

This litigation commenced on February 24, 1999, with a Complaint for Review of Administrative Action filed by the CDSS against the Secretary of the Department of Health and Human Services ("DHHS"). The goal of the complaint was to compel the federal government to conform its interpretation of the AFDC-FC statute to the interpretation in *Land v. Anderson*, 55 Cal. App. 4th (2nd Dist. 1997), such that California agencies would be entitled to matching federal funding when AFDC-FC payments were made. Enedina Rosales intervened in this action on her own behalf and as a representative of those foster care parents who had been denied benefits under an erroneous interpretation of the AFDC-FC statute. This Court's initial ruling dismissed this case on the ground that the DHHS's interpretation of 42 U.S.C. § 672 was reasonable and there was an insufficient showing that the DHHS acted in an arbitrary and capricious manner in denying approval of the State Plan Amendment. The ruling was appealed to the Ninth Circuit.

The Ninth Circuit reversed and ruled instead in favor of the intervenor, finding that the DHHS's interpretation of Section 672 was unreasonable and inconsistent with the statutory language as construed with prior Supreme Court decisions, was unsupported by the legislative

history, and undermining to the statutory protections to foster children intended by Congress. *California Dep't of Social Services and Rosales v. Thompson*, 321 F. 3d 835, 845, 856-57 (9th Cir. 2003).

As a consequence of the Ninth Circuit ruling, this Court's judgment ordered the DHHS to approve California's Title IV-E State Plan Amendment, and further ordered the CDSS, together with the DHHS, to cooperate in drafting and issuing an "All County Letter" instructing each of the counties of the State of California to comply with the Ninth Circuit's *Rosales* decision. Pursuant to this Court's amended order filed August 17, 2004, and entered as a judgment on August 19, 2004, CDSS and the DHHS were ordered to comply with *State of California Department of Social Services and Rosales v. Thompson*, 321 F.3d 835 (9th Cir. 2002), and, in particular, were ordered to comply with the following:

> (a)   For all foster care cases in which dependency jurisdiction was open on or after March 3, 2003, the Department of Social Services shall make AFDC-FC payments for the entire period, subsequent to December 23, 1997, in which the child was entitled to AFDC-FC payments under CDSS/Rosales and was otherwise eligible for such benefits and those benefits were not paid. For purposes of retroactive payments, foster homes approved on or after March 2, 2003 shall be considered to have met the federal approval standards.
>
> (b)   The Department of Social Services shall issue a directive to all county welfare departments and chief probation officers and other appropriate parties pursuant to an All County Letter requiring review of all foster care cases open on or after March 3, 2003 to determine eligibility in accordance with CDSS/Rosales and consistent with the court's judgment. Each such case shall be so reviewed during the next regular six month review but in no instance later than eight months from the date of issuance of the court's order.
>
> (c)   CDSS shall pay all benefits which are found to be due as a result of those reviews within thirty days of the determination of eligibility.

Despite this Court's express direction, the CDSS has failed to comply with this Court's judgment, and contrary to state law and regulation, refuses to provide NOA to applicants for benefits that are subject to reexamination based on this Court's judgment.

## III.

## MS. ROSALES' ENTITLEMENT TO ENFORCE THE JUDGMENT AND THE CDSS'S FAILURE TO COMPLY WITH THIS COURT'S RULING

### A. Enedina Rosales is entitled to AFDC-FC benefits and to enforce this Court's Judgment

Ms. Rosales first became the court-appointed foster parent for her grandson, Anthony, in 1997 as a result of abuse Anthony suffered while living with his mother and father. As his court-appointed foster parent, she received payment for past due benefits for the period up to July 2001, while Anthony was a dependent of the court, as a result of the initial payment under this Court's judgment.

Anthony has lived with Ms. Rosales continuously since 1997, but his dependency case was closed in July 2001. However, in 2003, because of problems with his father, Anthony was again made a dependent of the court and Ms. Rosales again became his court-appointed foster parent.

In connection with this new period of dependency, Anthony was again entitled to receive AFDC-FC benefits in Ms. Rosales's care. He qualified for AFDC-FC benefits because he lives in his grandmother's home (not a parent), and has no income of his own. Thus, he was AFDC-FC eligible at the time when the new court petition was filed and he was again formally placed with Ms. Rosales by the court. Rosales Decl., ¶ 2-3. Despite entitlement to these benefits, Ms. Rosales has not received any AFDC-FC benefits during this time, nor has she received an NOA from the County or the CDSS to indicate that the State has considered her entitlement to AFDC-FC benefits or advised her of a right to appeal. Rosales Decl., ¶ 4.

On April 20, 2005, counsel for Ms. Rosales requested the CDSS to provide information regarding their purported compliance with this Court's judgment requesting in particular the number of cases reviewed and the results of that review. Shelvy Decl., ¶ 4. The Office of the California Attorney General responded, stating that such information was not required under the court order and that none of the counties in the State of California kept any information on whether such a review was conducted. *Id.*, Ex. F.

On January 26, 2006, Ms. Rosales' counsel made an express request to the CDSS for documentation concerning the purported review of her right to AFDC-FC benefits. Beckwith Decl., ¶2. The CDSS refused to produce any documents reflecting their purported consideration of Ms. Rosales' right to benefits. *Id.* Ms. Rosales thus finds herself in the position where she has no recourse to enforce this Court's judgment. Despite the undisputed fact that she is entitled to benefits, those benefits have not been granted. And despite the fact that she is unquestionably entitled under state regulation to an NOA reflecting the State's consideration of her claim for benefits, no NOA has been provided. The CDSS continues to deny her benefits or advise her of a right to a hearing.

### B. The CDSS'S Failure to Follow the Rosales Judgment

Marjorie Shelvy, the Legal Aid attorney representing Ms. Rosales, also personally represented Mary Ellen Deegan and Shawn Spencer in administrative hearings in an effort to obtain foster care benefits. Shelvy Decl., ¶ 2. Each of the applicants, Deegan and Spencer, was otherwise entitled to foster care benefits, but for the flawed application of the statutory language governing the definition of "home" for purposes of federal eligibility.[1] *Id.*, at ¶ 2. Each of these applicant's rights to benefits turned on the very issue decided in *Rosales*, and addressed in this Court's judgment. As a consequence, their applications for benefits were held open pending the *Rosales* ruling and this Court's implementation of the *Rosales* judgment. The Administrative Law Judge in each case expressly ordered Los Angeles County to hold the case open for a final determination in *Rosales* and to reevaluate for eligibility under those standards. Shelvy Decl., ¶ 2, Ex. A-D.

Despite these express Orders, and this Court's judgment compelling review under the proper *Rosales* standard, none of these applicants with open cases has received a review. Shelvy, Decl., ¶ 3. When Ms. Shelvy attempted to investigate this lack of action by the County, the individual responsible for foster care eligibility determinations for Los Angeles County sent Ms. Shelvy an email on November 15, 2004, confirming that Deegan and Spencer were on the list for

---

[1] Deegan and Spencer are movants under Rule 71 on a concurrent cross-motion to enforce this Court's judgment.

an eligibility review under *Rosales*. *Id.* Despite this response, none of these applicants were ever notified of an eligibility review.

Since the decision in *Rosales*, and this District Court's judgment implementing that decision, Ms. Shelvy has represented more than twelve (12) additional clients in the administrative hearing process, seeking compliance with the *Rosales* decision. Shelvy Decl., ¶ 4. Based upon the initial denial notices and the position taken by the CDSS in administrative hearings, it is clear that the Counties are routinely disregarding this Court's judgment requiring compliance. Los Angeles County has repeatedly denied eligibility for foster care benefits in direct contravention to the *Rosales* decision. *Id.* In a number of hearings, the Administrative Law Judge has even rebuked County Counsel for advancing a position which was plainly in violation of the *Rosales* decision. *Id.* In short, this Court's judgment ostensibly implementing *Rosales* is being followed only when the Counties and CDSS are compelled to do so by those applicants fortunate enough to have legal representation, and even then, only upon the compulsion of the Administrative Law Judge hearing their claims

### C. Ms. Rosales and Similarly Situated Applicants Are Entitled to NOA From the CDSS Regarding Their Entitlement to AFDC-FC Benefits.

The CDSS admits in footnote 1 of its previous Opposition to motion to intervene that regulations applicable to the AFDC-FC program require written notice of specified actions, including when aid is denied. *See* 45 CFR § 205.10(3) ("Every applicant ... shall be informed in writing ... at the time of any action affecting his claim...") State regulations and procedures set forth in the Manual of Policies and Procedures ("MPP") § 22-071-12 also require "the county shall give the claimant adequate notice [as defined] in the following instances: when aid is denied, decreased, etc." Despite these regulations and procedures, the CDSS has taken the position that because the *Rosales* judgment does not explicitly require the applicable regulations and procedures be followed, NOA need not be given. In the simplest of terms, the CDSS argues the claimants have fewer due process rights after the *Rosales* judgment than they had before the judgment. Ms. Rosales requests the Court compel the CDSS to follow applicable regulations and

in particular to give prompt NOA to all applicants for benefits alerting them of the results of any and all review.

## IV.

## CONCLUSION

Ms. Rosales respectfully requests this Court enforce its existing judgment and require the State of California Department of Social Services to perform the following acts:

1. Immediately pay all benefits due and owing to Ms. Rosales, and those similarly situated, who have the right to recover current and past due benefits under the *Rosales* decision.

2. That the Court order the State of California Department of Social Services to provide Notice of Action to each and every claimant who had an open and pending claim for benefits subject to the *Rosales* ruling, informing those claimants of the results of any review conducted by the State of their open claims.

3. That the State of California Department of Social Services instruct each and every County that it must continue to abide by the *Rosales* decision until such time as this Court's judgment is modified, and in particular that all claims for past due benefits be reviewed consistent with this Court's prior judgment, that Notice of Action as a result of the review be promptly provided to the applicants, and past due benefits be promptly paid.

4. That the Court authorize limited discovery for the purpose of ensuring complete and effective compliance with this Court's judgment.

Dated: May 19, 2006                    McDERMOTT WILL & EMERY LLP
                                       DAVID M. BECKWITH


                                       By:   /s/   David M. Beckwith
                                       Attorneys for Intervenor ENEDINA ROSALES

SDO 43495-1.009975.0115