IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, DEP'T OF SOCIAL SERVICES,<br><br>        Plaintiff,<br><br>and<br><br>ENEDINA ROSALES,<br><br>        Plaintiff-Intervenor,<br>vs.<br><br>KATHLEEN SEBELIUS, SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Defendant.<br>_____/ | No. CIV 2:99-CV-0355-FCD-JFM<br><br><br><br><br><br>STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

       IT IS HEREBY STIPULATED AND AGREED by and between the parties to this litigation: Intervenor Enedina Rosales and Movants Larry and Brenda Buggs, Mary Ellen Deegan, Gloria Jefferson and Shawn Spence, collectively "Movants"); the State of California Department of Social Services; Kathleen Sebelius, Secretary of Health and Human Services; and third party Los Angeles County Department of Children and Family Services ("COUNTY" or "Producing Party"), through their respective counsel, that:

       1.    Pursuant to a subpoena for documents served on COUNTY by Movants in the course of the above-captioned lawsuit, *State of California Department of Social Services and*

1

*Enedina Rosales v. Kathleen Sebelius, Secretary of Health and Human Services*, CIV S-00-0355 FCD JFM, COUNTY shall produce to Movant's counsel and California Department of Social Services' counsel certain documents which contain confidential information pursuant to California law, including but not limited to the California Constitution and Welfare and Institutions Code Sections 827 and 10850.  While COUNTY has redacted certain confidential information from such documents which is not essential for the purposes of the request, COUNTY recognizes that some of the confidential information included in the documents may be essential to Movant's review of such documents.

2.    Since all parties to this litigation may have occasion to receive and review such documents, to protect the privacy of those individuals who are the subject of the requested documentation and, further, to protect confidential information as required by California law, all parties to this litigation join in this stipulation.

3.    Confidential documents, as designated by COUNTY and its counsel, shall be designated by stamping copies of the document "CONFIDENTIAL."  Stamping "CONFIDENTIAL" on the first page of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated.

4.    Material designated by COUNTY as confidential ("Confidential Material" or "Confidential Information") shall only be used during the prosecution of *State of California Department of Social Services and Enedina Rosales v. Kathleen Sebelius, Secretary of Health and Human Services*, CIV S-00-0355 FCD JFM, and for no other purpose.

5.    As a condition of receiving such documentation, counsel for the receiving party shall personally safeguard and keep confidential in their possession all copies of the information marked CONFIDENTIAL.  Further, under no circumstances other than those specifically provided for in this or subsequent court orders, or other than with the explicit consent in writing of the Producing Party with respect to specifically identified confidential material, shall Confidential Material or its contents in any way whatsoever be revealed, disclosed, or otherwise

made known to persons other than the following:

    (a)    Counsel of record for parties that have appeared in this action, and the employees of such counsel;

    (b)    Experts or consultants retained in good faith to assist counsel of record in the prosecution and/or defense of this action or any appeal filed herein, and court reporters who record testimony taken in the course of this litigation; or

    (c)    Witnesses deposed in this action or who appear at trial and/or any hearing in this action, but only to the extent disclosure is necessary for questioning in connection with such deposition or hearing, and only after such witness has confirmed his or her agreement to be bound by the terms of this Protective Order.

6.    If a party's counsel believes there is a compelling need to disclose any Confidential Information provided to any individual associated with the preparation and/or litigation of this lawsuit only, that individual will also be bound by the provisions of this Protective Order. A party's counsel shall be responsible, where reasonable, for the failure of any third party to comply with the terms of this Order.

7.    A party disclosing any Confidential Information to any person other than counsel of record for parties that have appeared in this action, and the employees of such counsel, shall maintain an Acknowledgement of Receipt of Protective Order Regarding Confidential Information and Agreement to be Bound Thereto that includes the following: "I hereby acknowledge receipt of, and that I have read, a copy of the Stipulation and Protective Order Regarding Confidential Information in the action entitled *State of California Department of Social Services and Enedina Rosales v. Kathleen Sebelius, Secretary of Health and Human Services*, CIV S-00-0355 FCD JFM. I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof. I agree that if I receive any Confidential Information, I will not make any copies thereof, nor disclose such information except as permitted by the Order. I further understand that, if I fail to comply with

3

the terms of the Order, I may be subject to sanctions by the Court." No disclosure shall be made to a person described above who has not executed an Acknowledgement and Agreement. Counsel for each party shall maintain all such documents, which shall be produced at the request of the Court and/or the Producing Party.

8. A party's counsel shall not cause, or knowingly permit, disclosure of the contents of the Confidential Information received from COUNTY beyond the disclosure permitted under the terms and conditions of this Protective Order.

9. If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential - Subject to Court Order" and filed under seal until further order of the Court.

10. This Order shall survive the final termination of this action to ensure that the information contained in confidential material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

11. Upon termination of the judicial process in this case, counsel for each party shall retrieve, assemble and return to counsel for COUNTY all documents and material designated as confidential and all copies of same. All Confidential Information received from COUNTY is to be deleted from all files, databases, etc., in the possession of the party's counsel's office and any third parties to which the materials have been forwarded. Counsel for the parties shall be responsible for ensuring compliance with this paragraph.

12. Any violation of this Protective Order shall be punished as contempt of court.

IT IS SO STIPULATED.

Dated: November 2, 2010                          McDERMOTT WILL & EMERY LLP

                                                 By: /s/ Tyler J. Woods
                                                    TYLER J. WOODS
                                                    Attorneys for Plaintiff

1 | Dated: November 2, 2010

EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL REYNAGA
Supervising Deputy Attorney General

By: /s/ Brenda A. Ray
    BRENDA A. RAY
    Deputy Attorney General
    Attorneys for Plaintiff

Dated: November 2, 2010

U.S. DEPARTMENT OF JUSTICE

By: /s/ W. Scott Simpson
    W. SCOTT SIMPSON
    Attorneys for Kathleen Sebelius

Dated: November 2, 2010

OFFICE OF COUNTY COUNSEL
COUNTY OF LOS ANGELES

By: /s/ Lauren M. Black
    LAUREN M. BLACK
    Attorneys for County of Los Angeles

Pursuant to the stipulation of the above-named parties and Local Rule 137, IT IS HEREBY ORDERED that the Stipulated Protective Order set forth above is hereby adopted and entered as an Order of this Court.

DATED: November 15, 2010.

UNITED STATES MAGISTRATE JUDGE

5